## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter referred to as "Agreement") is made and entered into this ___ day of August 2016, by and between **ROGELIO GONZALEZ**, his heirs, agents, representatives, executors and administrators (hereinafter referred to as "Gonzalez"), and **VON BERGENS COUNTRY MARKET LLC, VON BERGEN ACRES, MELVIN VON BERGEN, and BOBETTE VON BERGEN** and their respective predecessors, successors and assigns, their current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities (hereinafter collectively referred to as the "Von Bergen Parties").

**WHEREAS,** Gonzalez initiated a lawsuit against the Von Bergen Parties for claims under the Fair Labor Standards Act, 29 U.S.C §201 *et seq*. ("FLSA"), the Portal-to-Portal Act, and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*. ("IMWL") in the United States District Court for the Northern District of Illinois, Western Division, before the Honorable Judge Philip G. Reinhard and Magistrate Judge Iain D. Johnston, having case number 15-cv-07933 (hereinafter referred to as the "Lawsuit");

**WHEREAS,** Gonzalez's seeks damages in the Lawsuit for alleged unpaid overtime and other relief;

**WHEREAS**, the Von Bergen Parties expressly deny all of the alleged claims by Gonzalez, and expressly maintain their position that they have not violated FLSA or IMWL as alleged by Gonzalez, nor have they violated any other law, statutory or otherwise, in regards to Gonzalez's employment with the Von Bergen Parties;

**WHEREAS,** Gonzalez and the Von Bergen Parties have conducted relevant discovery, including several rounds of written discovery and certain party depositions, and thoroughly studied the legal principles applicable to Gonzalez's FLSA claims, and participated in extensive settlement negotiations that have culminated in this Agreement;

**WHEREAS,** Gonzalez and the Von Bergen Parties desire to fully and expeditiously resolve any and all potential claims, causes of action or issues of law or fact that have been raised or could have been raised by either party against the other arising out of or in any way related to Gonzalez's employment with or separation of employment from the Von Bergen Parties, without either party acknowledging any fault or liability whatsoever;

**WHEREAS,** after balancing the benefits of settlement with the uncertainty and mounting costs of continued litigation, Gonzalez and his counsel believe that the Agreement represents a fair, reasonable, and adequate resolution of the Lawsuit;

**NOW, THEREFORE,** in consideration of their mutual promises as set forth herein with their intention to be mutually and legally bound hereby, Gonzalez and the Von Bergen Parties covenant and agree as follows:

1. **Consideration**. In exchange for the promises of Gonzalez contained in this Agreement, the Von Bergen Parties agree to pay a total of eighteen thousand dollars ($18,000.00) (also referred to as the "Settlement Amount"). The Settlement Amount is intended to compensate Gonzalez for all unpaid wages of any nature, liquidated damages, service fees, attorneys' fees, costs

EXHIBIT A

and expenses, and tax contributions such as local, state and federal income taxes or withholding taxes, FICA and SUTA. The Settlement Payment will be paid as follows and subject to the conditions precedent listed herein:

    a. The Von Bergen Parties will pay ten thousand dollars ($10,000.00) to Gonzalez, with (i) 50% attributed as back pay for which the Von Bergen Parties will withhold certain sums for applicable federal and state income taxes withholding taxes, FICA and SUTA and (ii) 50% attributed as liquidated damages, penalties and interest. The Von Bergen Parties agree to make this payment in full by mailing a check made payable for "Rogelio Gonzalez" to the Farmworker and Landscaper Advocacy Project (FLAP) at 33 N. LaSalle Street, Suite 900, Chicago, IL, 60602, within seven (7) days of the Court's approval of this Agreement or seven (7) days after Gonzalez provides his Form W-9, whichever later. At the appropriate time, the Von Bergen Parties will also issue Gonzalez a Form W-2 for the portion of this payment attributed as back pay and a Form 1099 for the portion of this payment attributed as liquidated damages.

    b. The Von Bergen Parties will pay eight thousand dollars ($8,000.00) to Gonzalez's counsel for all attorneys' fees and costs incurred by Gonzalez for this Lawsuit, as follows:

        i. $725.00 to attorney Charles Prorock. Mr. Prorock agrees to provide the Von Bergen Parties with a completed Form W-9 for this payment. The Von Bergen Parties agree to make this payment in full by mailing a check made payable for "Prorock Law Offices P.C." to the Farmworker & Landscaper Advocacy Project within seven (7) days of the Court's approval of this Agreement or seven (7) days after Gonzalez's counsel provides its Form W-9, whichever later. At the appropriate time, the Von Bergen Parties will provide Gonzalez's counsel with a Form 1099 for this payment by mailing it to the address described above.

        ii. $4,365.00 to the Farmworker & Landscaper Advocacy Project. Gonzalez's counsel agrees to provide the Von Bergen Parties with a completed Form W-9 for this payment. The Von Bergen Parties agree to make this payment in full by mailing a check made payable for "Farmworker & Landscaper Advocacy Project" within seven (7) days of the Court's approval of this Agreement or seven (7) days after Gonzalez's counsel provides its Form W-9, whichever later. At the appropriate time, the Von Bergen Parties will provide Gonzalez's counsel with a Form 1099 for this payment by mailing it to the address described above.

        iii. $2,910.00 to the Billhorn Law Firm. Gonzalez's counsel agrees to provide the Von Bergen Parties with a completed Form W-9 for this payment. The Von Bergen Parties agree to make this payment in full by mailing a check made payable for "The Billhorn Law Firm" to 53 W. Jackson Street, Suite 840, Chicago, IL, 60604, within seven (7) days of the Court's approval of this Agreement or seven (7) days after Gonzalez's counsel provides its Form W-9, whichever later. At the appropriate time, the Von Bergen Parties will

        provide Gonzalez's counsel with a Form 1099 for this payment by mailing it to the address described above.

   c. No payment will become due until the following conditions precedent are met: (a) Gonzalez signs and returns this Agreement to the Von Bergen Parties; and (b) the Court enters an order approving of this Agreement.

**2.** **Tax Treatment**. Gonzalez acknowledges that the Von Bergen Parties and their attorneys have not made any representations to Gonzalez with respect to the tax treatment, consequences or liabilities of the payment described in Paragraph 1 of this Agreement. Gonzalez agrees to indemnify and hold the Von Bergen Parties harmless from any amounts and/or taxes that may be assessed, levied, or otherwise charged against him as a result of the payment to Gonzalez made pursuant to this Agreement.

**3.** **Release and Waiver**. Gonzalez and the Von Bergen Parties agree that the intent of this paragraph is for Gonzalez to comprehensively waive and release the Von Bergen Parties, and each of its and their respective owners, directors, officers, attorneys, employees and agents, (hereinafter collectively referred to as "Released Parties"), and for the Von Bergen Parties to comprehensively waive and release Gonzalez, from any and all claims relating either directly or indirectly to or arising from Gonzalez's employment and separation, and/or any other occurrence up to and including the date of this Agreement, including, but not limited to, attorneys' fees, costs and expenses.

   a. **Gonzalez's Release and Waiver**. In consideration of the promises made by the Von Bergen Parties in this Agreement, Gonzalez represents and covenants that he, as well as his heirs, executors, administrators, agents and assigns hereby acquit, release and forever discharge the Released Parties from any and all actions, causes of action, claims or liabilities related to his employment with the Von Bergens Parties, whether known or unknown and alleged or could have been alleged at law or in equity, which have or could be asserted against the Released Parties that he ever had or now has against on account or by reason of any event occurring up to and including the date of this Agreement, including, but not limited to, any claims, actions, causes of action or liabilities which relate to the payment of wages or any other compensation under FLSA and IMWL, but excluding any tort or common law claims, or any claims which by operation of law Gonzalez cannot waive and/or claims related to a breach of this Agreement.

   By signing this Agreement, Gonzalez agrees that he shall not seek, receive and/or be entitled to any monetary or other damages and/or attorneys' fees from any claim or action waived and released as part of this Agreement. Gonzalez and the Von Bergen Parties agree that this Agreement may be used as an affirmative defense and complete bar to any claim, lawsuit, charge, or any other type of action that Gonzalez may file.

   b. **The Von Bergen Parties' Release and Waiver**. In further consideration of the promises made by Gonzalez in this Agreement, the Von Bergen Parties hereby acquit, release and forever discharge Gonzalez, from any and all actions, causes of action, claims or liabilities of any kind whatsoever, whether known or unknown and

alleged or could have been alleged at law or in equity, which have or could be asserted against Gonzalez that they ever had or now have against on account or by reason of any event occurring up to and including the date of this Agreement, except any claims which by operation of law the Von Bergen Parties cannot waive and/or claims related to a breach of this Agreement.

4. **Court Approval; Dismissal**. Within seven (7) days after execution of this Agreement by Gonzalez and the Von Bergen Parties, the Von Bergen Parties will file a motion for approval of settlement to obtain the Court's approval of this agreement and dismissal of the Lawsuit without prejudice, said dismissal to convert to with prejudice sixty (60) days after entry of the Court's order. Both Gonzalez and the Von Bergen Parties agree that they will cooperate as necessary to obtain the Court's approval and dismissal.

5. **No Assignment**. Each party to this Agreement represents and warrants that it is the sole owner of the actual or alleged claims, demand rights, causes of action and other matters which are released herein, that the same have not been transferred or assigned or caused to be transferred or assigned to any other person, firm, corporation, or other legal entity or representative, and that it has the full right and power to grant, execute, and deliver the waivers, releases, undertakings and agreements contained herein.

6. **No Liability**. It is expressly understood and agreed by Gonzalez and the Von Bergen Parties that by entering into this Agreement, neither party, in any way, admits it has violated any federal, state or local statute, ordinance or law. Gonzalez and the Von Bergen Parties' decision to enter into this Agreement shall not constitute or for any reason be used as an admission or evidence of any unlawful conduct or liability.

7. **Confidentiality**. Gonzalez agrees that he will not in any way make reference to, use, publish or disclose the existence of this Agreement, the contents of this Agreement, or in any way make reference to, publish or disclose the fact that monies have been paid or will be paid as part of a settlement, to any third party, with the exception that Gonzalez may disclose this settlement to his tax preparers, attorneys, and lawful spouse. Gonzalez further agrees that he will direct any person not to disclose the terms of this Agreement should he had disclosed to that person as allowed in this Paragraph. Equally, the Von Bergen Parties agree that they will not in any way make reference to, use, publish or disclose the existence of this Agreement, or the contents of this Agreement, except for from filing of this Agreement with the Court as part of the motion for approval of settlement contemplated in Paragraph 4.

8. **Mutual Non-Disparagement and Neutral Reference**. Gonzalez and the Von Bergen Parties agree to refrain from uttering or publishing (including, but not limited to, written, oral, and any internet publication) any disparaging, derogatory, or negative statements, comments, or remarks concerning each other. Furthermore, upon inquiry by a third-party employer, the Von Bergen Parties agree to disclose only Gonzalez' name, dates of employment, and position/s.

9. **Remedy for Breach of Promises**. Gonzalez and the Von Bergen Parties agree that in the event that a party breaches this Agreement, the non-breaching party will have the right to bring an action in a court of law against the breaching party for damages, injunctive relief, attorneys' fees and costs, and/or any other relief available under the law. In any such action, the

prevailing party shall be entitled to recover its reasonable attorneys' fees and costs from the other party.

10. **No Re-Employment**. Gonzalez promises and agrees that he will not apply for employment with the Von Bergen Parties.

11. **Governing Law and Jurisdiction**. This Agreement shall in all respects be interpreted, enforced and governed under the laws of the State of Illinois, without regard to its conflicts of law principles.

12. **Severability**. Gonzalez and the Von Bergen Parties explicitly acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable. Should any provision of this Agreement be declared or determined by any court or agency to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said illegal and invalid provision or term shall be deemed not to be a part of this Agreement.

13. **Headings**. The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

14. **Entire Agreement**. This Agreement sets forth the entire Agreement between the Gonzalez and the Von Bergen Parties hereto, and fully supersedes any and all prior agreements or understandings between the Gonzalez and the Von Bergen Parties hereto pertaining to the subject matter hereof.

15. **Counterparts**. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall be construed as one and the same Agreement. Signature pages may be transmitted by facsimile or via email. Upon delivery of the facsimile or email, a signature shall be deemed an original and shall be admissible into evidence.

16. **Acknowledgements**. Gonzalez hereby acknowledges that he knowingly and voluntarily enters into this Agreement, and further acknowledges that he has carefully read and fully understands all of the provisions of this Agreement, he has received valuable consideration in exchange for his promises given in this Agreement, including the release and waiver, he has consulted with counsel prior to signing this Agreement, and he is entering this Agreement without any coercion or duress.

**[The remainder of this page is intentionally left blank – signature page to follow.]**

IN WITNESS WHEREOF, and intending to be legally bound hereby, Rogelio Gonzalez and Von Bergens Country Market LLC, Von Bergen Acres, Melvin Von Bergen and Bobette Von Bergen have executed the foregoing Settlement Agreement and General Release.

Dated: 08-17-16        By: _____
                           ROGELIO GONZALEZ

Dated: 8-22-16         By: _____
                           VON BERGEN COUNTRY
                           MARKET LLC

                           MELVIN VON BERGEN
                           Name (Please Print)

                           MEMBER
                           Title

Dated: 8-22-16         By: _____
                           VON BERGEN ACRES

                           MELVIN VON BERGEN
                           Name (Please Print)

                           PARTNER
                           Title

Dated: 8-22-16         By: _____
                           MELVIN VON BERGEN

Dated: 8-22-16         By: _____
                           BOBETTE VON BERGEN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ROGELIO GONZALEZ, on behalf of himself and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> VON BERGENS COUNTRY MARKET LLC, VON BERGEN ACRES, MELVIN VON BERGEN, INDIVIDUALLY, AND BOBETTE VON BERGEN, INDIVIDUALLY, <br><br> Defendants. | NO. 15 cv 7933 <br><br> Honorable Judge Reinhard <br><br> Magistrate Judge Johnston |

## [PROPOSED] ORDER

This matter coming to be heard on Plaintiff and Defendants' Joint Motion for Court Approval of Settlement and Dismiss with Prejudice, with due notice having been given and the Court being duly advised on the premises having reviewed the Joint Motion and corresponding Settlement Agreement and Release; **IT IS HEREBY ORDERED:**

1. The Court approves the Settlement Agreement and Release in finding it to be a fair and reasonable resolution of a bona fide dispute pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.*

2. The Court hereby dismisses this case in its entirety against Defendants, without prejudice, and after a period of sixty (60) days from the date of this Order, the dismissal shall automatically convert to a dismissal with prejudice.

3. The Court will retain jurisdiction over this case for the sole purpose of enforcing the terms of the Settlement Agreement and Release.

4. Plaintiff and Defendants shall bear their own costs and attorneys' fees with the exception for what is expressly provided in the Settlement Agreement and Release.

5. The previously-set status hearing of September 13, 2016 is hereby stricken.

Entered:

Dated: _____, 2016              _____
                                                                    Judge

EXHIBIT B